# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**Anthony Ceravolo,**

    **Plaintiff,**　　　　　　　　　　　　**Case No. 1:14-cv-03011-JFM**

**v.**

**Caribbean Cruise Line, Inc.;**
**et al.,**

    **Defendants**

_____/

## DEFENDANT CARIBBEAN CRUISE LINE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT [D.E. 1]

Defendant CARIBBEAN CRUISE LINE, INC. ("CCL"), hereby submits its ANSWER and AFFIRMATIVE DEFENSES in response to Plaintiff ANTHONY CERAVOLO's Complaint ("Complaint") [D.E. 1].

### JURISDICTION

1.　　CCL admits that Plaintiff purports to bring this action for alleged violations of the Telephone Consumer Protection Act ("TCPA"), but CCL denies that it has violated the TCPA or engaged in any other wrongdoing vis-à-vis the Plaintiff that would give rise to a legal action, and therefore denies the truth of the allegations in Paragraph 1 of the Complaint.

2.　　CCL admits that Plaintiff alleges that venue is proper in this District Court, but otherwise denies or is without knowledge as to the veracity of the allegations in Paragraph 2 of the Complaint.

## PARTIES

3. CCL denies or is without knowledge as to the veracity of the allegations in Paragraph 3 of the Complaint.

4. CCL admits the truth of the allegations contained in Paragraph 4 of the Complaint.

5. CCL is without knowledge as to "Agents" and other allegations in Paragraph 5 of the Complaint, and therefore denies the same.

6. CCL is without knowledge as to "Agents" and other allegations in Paragraph 6 of the Complaint, and therefore denies the same.

## FACTS

7. CCL admits that it placed pre-authorized calls to Plaintiff in 2014 after Plaintiff requested through an Internet webpage that CCL contact Plaintiff at the telephone number provided by Plaintiff, and pre-approved such contact. Defendant is without sufficient knowledge as to whether the telephone number the Plaintiff provided through the Internet webpage is a cellular telephone number or as to the partial telephone number alleged in Paragraph 7 of the Complaint, and therefore denies the same.

8. CCL admits that it placed pre-authorized calls to Plaintiff in 2014 using an automated telephone dialer system ("ATDS") after Plaintiff consented to and pre-approved such calls and the use of an ATDS and pre-recorded voice in connection with the calls.

9. Defendant is without sufficient knowledge as to the allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10.     CCL denies that Plaintiff never provided consent to be called by CCL, and is without knowledge as to whether the telephone number Plaintiff provided through an Internet webpage for CCL to contact him is assigned to a cellular telephone.

11.     CCL denies the allegations in Paragraph 11 of the Complaint.

## COUNT 1
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT -
## 47 U.S.C. § 227, et. seq.

12.     CCL incorporates its answers to all preceding Paragraphs as if fully set forth herein.

13.     CCL admits that it placed pre-authorized calls to Plaintiff in 2014 only using an ATDS to initiate the calls after Plaintiff requested through an Internet webpage that CCL contact Plaintiff at the telephone number Plaintiff provided, and consented to such contact through use of an ATDS and pre-recorded voice.  CCL is without sufficient knowledge as to whether the telephone number the Plaintiff provided through the Internet webpage is a cellular telephone number.  CCL otherwise denies the remaining allegations in Paragraph 13 of the Complaint.

14.     CCL admits only that Plaintiff purports to set forth his legal interpretation and conclusions regarding the TCPA and FCC Order cited in Paragraph 14 of the Complaint, and otherwise denies the truth of the allegations in Paragraph 14 and states that the cited statute and Order are the best evidence of their content and refers thereto for their proper substance, interpretation and effect.

15.     CCL is without sufficient knowledge or information as to the "earmarks" Plaintiff is referring to in Paragraph 15 of the Complaint, and otherwise denies the allegations contained in Paragraph 15 of the Complaint.

16.     CCL denies the allegations contained in Paragraph 16 of the Complaint.

17. CCL is without knowledge as to whether the telephone number the Plaintiff alleges in the Complaint is assigned to a cellular telephone number, and denies the remaining allegations in Paragraph 17 of the Complaint.

18. CCL is without knowledge as to whether the telephone number the Plaintiff alleges in the Complaint is assigned to a cellular telephone number or whether he incurs charges for incoming calls to that number, and therefore denies the same.

19. CCL admits the allegations in Paragraph 19 of the Complaint.

20. CCL denies the allegations contained in Paragraph 20 of the Complaint as against CCL.

21. CCL denies the allegations contained in Paragraph 21 of the Complaint as against CCL.

## PRAYER FOR RELIEF

CCL denies that Plaintiff is entitled to any relief as set forth in his "Prayer for Relief."

## AFFIRMATIVE DEFENSES

CCL states that it intends to rely upon and otherwise preserve the following defenses in defense of Plaintiff's Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of CCL's Defenses. Accordingly, CCL asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action, including but is not limited to the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted because the Complaint impermissibly lumps all of Defendants together and does not explain which Defendant committed which wrong, and the theory of liability Plaintiff is proceeding under against each Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to satisfy all conditions precedent and necessary to maintaining his claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, and none being admitted, were not caused by CCL, but by another person or entity, including Plaintiff, for whom CCL is not responsible and over whose activities CCL exercises no control and/or has no right to control

## FIFTH AFFIRMATIVE DEFENSE

CCL is not vicariously or otherwise liable for the acts of any third parties making and/or initiating the complained of telephone call(s) to Plaintiff. At all relevant times, any such third parties were not CCL's agents and CCL did not exercise substantial control over their actions.

## SIXTH AFFIRMATIVE DEFENSE

CCL is not vicariously or otherwise liable for the acts of any third parties making and/or initiating the complained of telephone call(s) to Plaintiff. To the extent that any such third parties are deemed CCL's agents, such parties were acting outside the scope of their authority and any agency relationship with CCL, and CCL did not ratify their actions.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to hold CCL liable under any theory of vicarious liability, agency or joint venture, such claims have not been specifically or sufficiently pled.

## EIGHTH AFFIRMATIVE DEFENSE

CCL is not liable for the acts of any third parties making and/or initiating the complained of telephone call(s) to Plaintiff because CCL was never a joint venturer with any such third parties. At all times relevant to this action, such third parties and CCL never had an express or implied agreement to carry out a single business enterprise for profit. *See Institutional Management Corp. v. Translation Systems, Inc.,* 456 F. Supp. 661 (D. Md. 1978).

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel. At all relevant times Plaintiff requested, consented to and pre-authorized the complained of telephone calls he received from CCL, consented to and pre-authorized use of an ATDS and/or pre-recorded voice in connection with those calls, and for such calls to be made to his cellular telephone number. Plaintiff intended that CCL rely on his consent and pre-authorization to induce CCL to initiate calls to Plaintiff, CCL did reasonably rely on Plaintiff's consent and pre-authorization when initiating telephone calls to Plaintiff, and now has been detrimentally impacted by Plaintiff's unjustified suit over those pre-authorized calls. *See Newton v. Kenific Group*, 2014 WL 5310685 (D. Md. 2014).

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's consent to be called on his cellular and/or residential telephones.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not suffer any actual damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to join necessary and indispensable parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for treble damages are barred because CCL did not engage in knowing or willful misconduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

CCL complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by CCL's compliance with all applicable State, Federal, and local laws and regulations.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA violates CCL's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Unclean Hands. At all relevant times Plaintiff requested, consented to and pre-authorized all telephone calls he received from CCL, consented to and pre-authorized CCL's use of an ATDS and/or prerecorded voice in connection with those calls, and consented to and pre-authorized CCL to call him on his cellular telephone.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any, based in part on Plaintiff's failure to timely notify CCL that the pre-authorized calls CCL made to his cellular and/or residential telephone(s) should cease.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of ratification.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because CCL's use of an automatic telephone dialing system as defined under the TCPA and/or use of a prerecorded voice, if any, was consented to and/or pre-authorized by Plaintiff. *See* 47 U.S.C. §227(b)(1)(A)(iii).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the complained of telephone calls between Plaintiff and CCL were conducted with a live human, and thus, any such calls do not violate the TCPA.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrines of Laches and Waiver for Plaintiff's failure to timely notify CCL that the pre-authorized CCL calls made to his cellular and/or residential telephone(s) should cease.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of *In Pari Delicto*. At all relevant times Plaintiff requested, consented to and pre-authorized the telephone calls he received from CCL, including any calls to his cellular telephone number.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the exceptions provided under the TCPA.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the complained of calls do not constitute a "telephone solicitation" under the TCPA. *See* 47 U.S.C. §227(a)(4).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the complained of calls do not constitute an "unsolicited advertisement" under the TCPA. *See* 47 U.S.C. §227(a)(5).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, precluded or subject to a stay pursuant to the doctrine of primary jurisdiction and the inherent authority of this Court in light of pending FCC Petitions for Declaratory Relief regarding issues critical to this action and/or in light of substantially similar earlier filed class actions involving similar parties, subject matter and proposed class definitions.

### RESERVATION

CCL reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

**WHEREFORE**, Defendant, Caribbean Cruise Line, Inc., respectfully requests that this Court enter judgment against Plaintiff and in favor of CCL, dismiss this action with prejudice, award CCL its reasonable attorneys' fees and costs incurred in defending this action, and for such further relief that this Court deems just and proper.

DATED:  December 5, 2014                Respectfully Submitted,

                                      */s/ Noam Fischman*
                                      Noam Fischman (MD Fed. Bar No. 16311)
                                      */s/ Steven A. Pozefsky*
                                      Steven A. Pozefsky (MD Fed. Bar No. 29707)
                                      POLSINELLI, PC
                                      1401 Eye Street, N.W.
                                      Suite 800
                                      Washington, DC 20005
                                      Phone: 202-783-3300
                                      Fax: 202-783-3535
                                      nfischman@polsinelli.com
                                      spozefsky@polsinelli.com
                                      *Attorney for Defendant*
                                      *Caribbean Cruise Line, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 5, 2014, I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel identified on the Service List below either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive Notice of Electronic Filing electronically.


*/s/ Steven A. Pozefsky*
Steven A. Pozefsky

**SERVICE LIST**

| | |
|---|---|
| **Sergei Lemberg, Esq.** | **Richard W. Epstein, Esq.** |
| **Stephen Taylor, Esq.** | **Jeffrey A. Backman, Esq.** |
| LEMBERG LAW L.L.C. | GREENSPOON MARDER, P.A. |
| 1100 Summer St., 3d Floor | 200 East Broward Blvd., Suite 1800 |
| Stamford, CT 06905 | Fort Lauderdale, FL 33301 |
| Phone: 203-653-2250 | Phone: 954-491-1120 |
| Fax: 203-653-3424 | Fax: 954-213-0140 |
| Email: slemberg@lemberglaw.com | Email: richard.epstein@gmlaw.com |
| | Email: jeffrey.backman@gmlaw.com |